UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD KIE, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN GARRETT, et al., <br><br> Respondents. | Case No. 3:20-cv-00709-RCJ-CLB <br><br> **ORDER** |

This is a habeas corpus matter under 28 U.S.C. § 2254. Petitioner Donald Kie, Jr., has paid the filing fee. The court has reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition is too vague to warrant relief. Kie will need to file an amended petition.

Kie alleges that, after a trial, he was convicted of conspiracy to commit robbery, battery with intent to commit a crime, battery causing substantial bodily harm, and at least one other unspecified crime. ECF No. 1-1 at 2. He has filed a § 2254 petition that contains two grounds.

Ground 1 alleges, in full:

> In this ground the claim or issue is concerning the claim of ineffective assistance of trial counsel. This is stated due to counsel's failure to request a "Petrocelli" hearing which allowed the state to admit Highly Prejudicial Res Gestae evidence, as well as make numerous Prejudicial comments related to the Petitioners so called "drug dealing."

ECF No. 1-1 at 3.

"[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

The "Petrocelli" hearing is a state-court pre-trial hearing to determine whether to admit evidence of a person's prior uncharged criminal conduct. See Petrocelli v. State, 692 P.2d 503 (1985). However, Kie does not allege what the prior uncharged criminal act was. Kie thus has failed to allege facts showing both that trial counsel performed deficiently and that a reasonable probability of a different result existed except for counsel's deficient performance.

Ground 2 alleges, in full:

> If the Petitioner had an opportunity to view the video tapes that were evidence in this case, he would have been more able to make better decisions in this case, or possibly provided more evidence in his favor, or to help him. In denying the Petitioner the right to view all evidence violates his right to Due Process.
>
> This issue or claim is supported by the record and is not self-serving as the Plaintiff brought the matter up on at least one occasion previously in district court.

ECF No. 1-1 at 5. Kie's assertion that the record supports the claim is irrelevant at this stage. This court does not possess the state-court record. This court knows only what Kie alleges, nothing less and nothing more.

The other allegations in the ground are too vague. The court assumes that Kie is claiming that he did not see the video tapes that were evidence before trial, because Kie was present at his own trial and thus saw what the jury saw. At this point, Kie has seen the video tapes. He has not alleged what decision he made without viewing the video tape, nor has he alleged what the better decision would have been if he had viewed the video tape before trial. Kie has not alleged what

evidence he would have provided if had viewed the video tape before trial. Finally, Kie has not alleged how viewing the video tape before trial otherwise would have helped him.

The court will give Kie the opportunity to amend his petition to correct these omissions. The opportunity to amend does not imply the extension of the statute of limitations under 28 U.S.C. § 2244(d)(1). Kie always remains responsible for calculating the time limits.

Kie also has submitted a motion for appointment of counsel. The petition is too vague to warrant relief, as described above. Consequently, the court finds that appointment of counsel is not warranted.

IT THEREFORE IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the motion for appointment of counsel, currently in the docket at ECF No. 1-1 and 1-2, respectively.

IT FURTHER IS ORDERED that the motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that the clerk of the court send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have 30 days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

IT FURTHER IS ORDERED that petitioner must clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner must place the case number, 3:20-cv-00709-RCJ-CLB, above the word "AMENDED."

IT FURTHER IS ORDERED that the clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the court.

IT FURTHER IS ORDERED that the clerk provide copies of this order and all prior filings to the Attorney General in a manner consistent with the clerk's current practice, such as regeneration of notices of electronic filing.

DATED: April 29, 2021.

_____
ROBERT C. JONES
United States District Judge