UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD KIE, JR.,<br><br>          Petitioner,<br>v.<br>WARDEN GARRETT, *et al.*,<br><br>          Respondents. | Case No. 3:20-cv-00709-RCJ-CLB<br><br>**ORDER** |

This is a habeas corpus action brought under 28 U.S.C. § 2254 by Petitioner Donald Kie, Jr., a Nevada prisoner. Before the Court is Respondents' Motion to Dismiss (ECF No. 38) the Third Amended Petition for Writ of Habeas Corpus (ECF No. 35).[1] For the reasons discussed below, the Motion to Dismiss is granted in part and denied in part.

I.     BACKGROUND

After a jury trial in state district court, Kie was convicted of conspiracy to commit robbery, robbery, battery resulting in substantial bodily harm, and battery with intent to commit a crime. (ECF No. 39-36.) The charges stemmed from a robbery that took place outside a Las Vegas bar. (ECF No. 39-21; ECF No. 39-23 at 67-76.) In November 2016, Kie was sentenced to an aggregated term of 163 to 408 months in prison. (ECF No. 39-36.)

Kie appealed his conviction, and the Nevada Court of Appeals affirmed. (ECF No. 40-5.) The remittitur issued on January 12, 2018. (ECF No. 40-6.) Kie then filed a *pro se* state habeas corpus petition on July 31, 2018. (ECF No. 40-12; ECF No. 40-13.) Following the appointment of counsel, Kie filed a supplemental petition. (ECF No. 40-21.) The state district court denied relief, and Kie appealed. (ECF No. 40-25; ECF No. 40-42.) The Nevada Court of Appeals affirmed the denial of the petition, and the remittitur issued on September 18, 2020. (ECF No. 40-49; ECF No. 40-52.)

---

[1] Kie opposes the Motion. (ECF No. 44.) Respondents moved to extend the deadline for filing a reply. (ECF No. 45.) Good cause appearing, the Court grants the extension request *nunc pro tunc*, and deems Respondents' reply (ECF No. 46) to be timely filed.

1

On December 22, 2020, Kie initiated this federal habeas action *pro se*. (ECF No. 1.) The Court screened Kie's Petition, holding that it was "too vague to warrant relief," and that he would "need to file an amended petition." (ECF No. 6 at 1.) Kie submitted a First Amended Petition on May 13, 2021. (ECF No. 10-1.) The Court subsequently appointed counsel to represent Kie, and he filed a Second Amended Petition on November 12, 2021. (ECF Nos. 12, 24.) Finally, on April 1, 2022, Kie submitted a Third Amended Petition, the operative petition in this action. (ECF No. 30-1.)

Respondents now move to dismiss the Third Amended Petition, arguing that (i) Ground 2 is untimely and does not relate back to a timely filed claim, and (ii) Grounds 2 and 3 are unexhausted. (ECF No. 38.)

## II. DISCUSSION

### A. Relation Back

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation runs from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). A new claim in an amended petition that is filed after the expiration of AEDPA's one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. Under Rule 15(c), a claim relates back if the claim arises out of "the same conduct, transaction, or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id.* at 659. New claims in an amended habeas petition do not arise out of "the same conduct, transaction, or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id.* at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider*

*v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common core of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

Although Kie's two *pro se* petitions were timely, he filed the Second and Third Amended Petitions after the expiration of the AEDPA limitation period.[2] (ECF Nos. 1-1, 10-1, 24, 30-1.) Thus, to escape AEDPA's one-year time limit, the claims in the Third Amended Petition must relate back to the timely filed *pro se* petitions.

Respondents argue that Ground 2 of the Third Amended Petition must be dismissed because it does not relate back to any claims in the *pro se* petitions. (ECF No. 38 at 7-8.) Ground 2 alleges that Kie's trial counsel was ineffective because he failed to show Kie "the complete set" of surveillance videos from the bar where the robbery took place. (ECF No. 35 at 22.) According to Kie, he saw only "an incomplete portion of some of the videos" at the preliminary hearing. (*Id.* at 21.) That footage did not include "videos that [Kie] knew must exist showing him trying to stop the beating and helping the victim to get the keys to his truck back." (*Id.*) Kie claims that, had he known "there was no video of him helping the victim and/or that his attorney would fail to use such an exculpatory video," he would have accepted the State's plea offer of three to eight years in prison. (*Id.*) In short, Kie alleges that his inability to view the complete set of surveillance footage deprived him of "knowledge of what the evidence against him purported to show until well after trial's start." (*Id.* at 22.)

Ground 2 relates back because it shares "a common core of operative facts" with Ground 3 of the timely filed First Amended Petition. *Mayle*, 545 U.S. at 659. In Ground 3, Kie alleged that

---

[2] The one-year limitation period began to run in this case on April 12, 2018, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. 28 U.S.C. § 2244(d)(1); *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). Kie filed his state habeas petition 110 days later, on July 31, 2018. (ECF No. 40-12.) The time that Kie spent on his habeas petition in state court does not count toward the one-year period. 28 U.S.C. § 2244(d)(2). The state post-conviction proceedings concluded on September 18, 2020, when the Nevada Supreme Court issued the remittitur. (ECF No. 40-52.) At that point, Kie had 255 days—that is, until May 31, 2021—to file a federal habeas petition. Kie's *pro se* petitions are timely because they were filed on December 22, 2020, and May 13, 2021. (ECF Nos. 1-1, 10-1.) But Kie's counseled petitions are untimely because they were filed on November 12, 2021, and April 1, 2022. (ECF Nos. 24, 30-1.)

3

his trial counsel was ineffective for failing to provide him with the surveillance video. (ECF No. 13 at 31.) Although Kie acknowledged that he had seen a portion of the footage at the preliminary hearing, he claimed that "other scenes" that "would have been exculpatory" may have been "removed" from the video played at the hearing. (*Id.* at 33.) The exculpatory footage allegedly showed Kie "helping the victim recover from the attack." (*Id.*) Kie alleged that "his inability to view the video precluded him from choosing between proceeding to trial and entering negotiations." (*Id.* at 31.) Specifically, if he had known that the exculpatory footage did not exist or that his trial counsel would not use the footage at trial, Kie "would have absolutely accepted the State's [plea] offer." (*Id.* at 33-34.)

Thus, Ground 2 of the Third Amended Petition and Ground 3 of the First Amended Petition rest on the same core of operative facts—trial counsel's alleged failure to show Kie the complete surveillance footage, which in turn prevented him from properly evaluating whether to plead guilty or proceed to trial. For that reason, Ground 2 relates back and is timely.

    **B.**    **Exhaustion and Procedural Default**

        **1.**    **Ground 2**

Respondents contend that Kie failed to exhaust Ground 2, which, as just noted, alleges that trial counsel was ineffective for failing to show Kie the complete surveillance footage from the bar. (ECF No. 38 at 10.) Respondents acknowledge that, on appeal from the denial of his state habeas petition, Kie raised an ineffective-assistance claim "based on video surveillance evidence." (*Id.*) Respondents nevertheless contend that Kie "fundamentally altered" this claim in Ground 2, rendering it unexhausted. (*Id.* at 10-11.) The Court disagrees.

A state prisoner first must exhaust state-court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) ("Section 2254(c) requires only that state prisoners give

state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state-court level of review available. *O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or "place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Beaty v. Stewart*, 303 F.3d 975, 989-90 (9th Cir. 2002); *Aiken v. Spalding*, 841 F.2d 881, 883, 883 (9th Cir. 1988)) (internal quotation marks omitted). On the other hand, new allegations that do not "fundamentally alter the legal claim already considered by the state courts" will not render a claim unexhausted. *Vasquez*, 474 U.S. at 260; *see also Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994).

As noted above, Ground 2 alleges that Kie's trial counsel was ineffective because he failed to show Kie "the complete set" of surveillance videos from the bar where the robbery took place. (ECF No. 35 at 22.) Kie claims that he saw only "an incomplete portion of some of the videos" at the preliminary hearing, and that he believed additional footage "must exist showing him trying to stop the beating and helping the victim to get the keys to his truck back." (*Id.* at 21.) According to Kie, had he known "there was no video of him helping the victim and/or that his attorney would fail to use such an exculpatory video," he would have accepted the State's plea offer rather than proceeding to trial. (*Id.*) Because of his trial counsel's ineffectiveness, however, Kie allegedly lacked "knowledge of what the evidence against him purported to show until well after trial's start." (*Id.* at 22.)

Kie "fully and fairly presented" this claim to the Nevada Court of Appeals. *Woods*, 764

F.3d at 1129. There, he argued that trial counsel rendered ineffective assistance by "not providing a meaningful opportunity for him to view surveillance evidence" before trial. (ECF No. 40-42 at 16.) Kie conceded that he had seen some of the video during the preliminary hearing, but he asserted that "there existed significantly more such surveillance that was not shown, which [he] was entitled to review." (ECF No. 40-47 at 7.) Furthermore, Kie argued that (i) trial counsel's failure to provide him with the complete footage meant that he "lacked the knowledge of what the evidence against him purported to show, until well after trial's start"; and (ii) he "would have pled guilty" "but for his lack of reasonable opportunity" to view the complete footage. (*Id.* at 6, 8.)

To the extent that Ground 2 includes new factual allegations, they do not "fundamentally alter the legal claim already considered by the state courts." *Vasquez*, 474 U.S. at 260. "[A] petitioner can introduce additional facts to support a claim on federal habeas review so long as he presented the substance of the claim to the state courts." *Gimenez v. Ochoa*, 821 F.3d 1136, 1141 (9th Cir. 2016) (internal quotation marks and citation omitted). "That the additional facts provide more sophisticated or reliable support is of no moment where the information does not fundamentally alter the legal claim already considered." *Id.* (internal quotation marks and citation omitted). The "substance" of Ground 2 is that trial counsel rendered ineffective assistance—and foreclosed a proper evaluation of the State's plea offer—by failing to ensure that Kie saw the complete surveillance footage before trial. Because Kie presented this argument to the Nevada Court of Appeals, Ground 2 is exhausted.

  **2. Ground 3**

Respondents also argue that Kie failed to exhaust Ground 3. (ECF No. 38 at 11.) In this ground, Kie alleges that trial counsel provided ineffective assistance by failing to "adequately oppose the State's motion to consolidate his trial with that of his co-defendant." (ECF No. 35 at 23.) Kie concedes that he did not exhaust this claim. (*Id.*) Citing *Martinez v. Ryan*, 566 U.S. 1 (2012), however, he argues that his failure to exhaust should be excused "due to the ineffective assistance of post-conviction counsel." (*Id.*) Thus, Kie appears to contend that Ground 3 is technically exhausted but procedurally defaulted, and that he can show cause and prejudice to excuse the default under *Martinez*. (*Id.* at 26-27.)

"[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). *Martinez* "forge[d] a new path for habeas counsel to use ineffectiveness of state [post-conviction relief] counsel as a way to overcome procedural default in federal habeas proceedings," creating a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *Lopez v. Ryan*, 678 F.3d 1131, 1133 (9th Cir. 2012). But the *Martinez* exception applies only to substantial claims of ineffective assistance of trial counsel that are procedurally defaulted because of ineffective counsel, or lack of counsel, in the initial post-conviction proceedings. *Martinez*, 566 U.S. at 16-17. *Martinez* cannot supply cause to excuse the procedural default of a substantive claim of trial-court error, ineffective assistance of appellate counsel, and "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 16; *see also Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

*Martinez* does not excuse the default of Ground 3. Kie raised that claim in the initial post-conviction proceedings in state district court. Specifically, in his supplemental petition, Kie argued that trial counsel "was ineffective for failing to object to consolidating the cases, or alternatively, for failing to file a Motion to Sever." (ECF No. 40-21 at 12.) The state district court denied that claim on the merits. (ECF No. 40-27 at 11-13.) Kie's counsel did not, however, raise the claim on appeal. (ECF No. 40-42.) Thus, the default of Ground 3 was caused by counsel's failure to present the claim to the Nevada Court of Appeals. *Martinez* does not apply where, as here, a procedural default results from "attorney errors" in the "appeal[ ] from initial-review collateral proceedings." 566 U.S. at 16-17.[3]

Kie's *Martinez* argument fails for another reason. If he returns to state court, Kie faces

---

[3] Although Kie acknowledges that this claim was raised in state district court, he contends that his post-conviction counsel performed "somewhat incompetently" in presenting the issue. (ECF No. 35 at 26.) But "it was not post-conviction counsel's alleged failures before the state district court that led to the default of [Ground 3]; it was the failure to raise the claim[ ] on the appeal in the state habeas action that caused the default." *Hankston v. Nevens*, No. 2:13-cv-01601-JCM-GWF, 2016 WL 5791541, at *4 (D. Nev. Sept. 30, 2016), *aff'd sub nom. Hankston v. Neven*, 720 F. App'x 408 (9th Cir. 2018).

7

state-law procedural bars, including Nev. Rev. Stat. § 34.726(1), which is a one-year statute of limitation, and Nev. Rev. Stat. § 34.810, which restricts the filing of second or successive petitions. Both of these procedural bars allow for a showing of cause and prejudice to excuse them. With one exception, the state and federal standards for cause and prejudice are functionally identical. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004). The exception is ineffective assistance of counsel in initial post-conviction proceedings as cause to excuse a procedurally defaulted claim of ineffective assistance of trial counsel. Nevada has not adopted the *Martinez* rule for its procedural bars. *Brown v. McDaniel*, 331 P.3d 867, 869 (Nev. 2014). For Kie to argue *Martinez* now, he needed to concede that he had no other arguments for cause and prejudice that he could have presented to the Nevada courts. *See King v. Baker*, No. 3:18-cv-00202-RCJ-WGC, 2020 WL 1515364, at *7 (D. Nev. Mar. 30, 2020) (declining to find claim "technically exhausted" because petitioner failed to make "unequivocal stipulation . . . that the unexhausted claim[ ] in fact would be denied on state procedural grounds if he returned to state court to present the claim[ ]"). Kie made no such concession.

Accordingly, the Court declines to find that Ground 3 is technically exhausted. Instead, the Court holds that Ground 3 is unexhausted because it was not presented to the Nevada Court of Appeals.[4]

### C. Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Here, as explained above, Ground 3 is unexhausted. Because the Third Amended Petition contains an unexhausted claim, Kie has three options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal

---

[4] Kie's request for an evidentiary hearing on the Motion to Dismiss (ECF No. 44 at 9) is denied.

       habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.* at 277.

If Kie wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and Kie to reply. Or Kie may file a declaration voluntarily abandoning his unexhausted claim, as described above.

Kie's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Kie is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

### III. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 38) is granted in part and denied in part as follows:

1. Ground 2 is timely and exhausted.
2. Ground 3 is unexhausted.

It is further ordered that, with respect to his unexhausted claim, Kie shall have **30 days** to either: (i) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (ii) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim;[5] OR (iii) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If Kie chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Kie elects to abandon his unexhausted ground, Respondents shall have **30 days** from the date Kie serves his declaration of abandonment in which to file an answer to his remaining grounds for relief.

It is further ordered that Kie shall have **30 days** following service of Respondents' answer in which to file a reply.

It is further ordered that if Kie fails to respond to this order within the time permitted, this case may be dismissed pursuant to *Rose v. Lundy*.

It is further ordered that Respondents' Unopposed Motion for an Enlargement of Time to Reply in Support of Motion to Dismiss (ECF No. 45) is granted *nunc pro tunc*.

DATED this 14th day of November, 2022.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

---

[5] In offering this option, the Court makes no assurances as to whether any future petition filed in this Court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).