1
2
3

**UNITED STATES DISTRICT COURT**

4

**DISTRICT OF NEVADA**

5

DONALD KIE, JR.,

Case No. 3:20-cv-00709-RCJ-CLB

6

Petitioner,

7

v.

**ORDER**

8

WARDEN GARRETT, *et al.*,

9

Respondents.

10

This matter is before the Court on Petitioner's Motion for Reconsideration (ECF No. 63)

11

and Respondents Motion to Strike (ECF No. 64).

12

"It is well established that district courts have inherent power to control their docket,"

13

including the power to strike improperly filed items from the docket. *Ready Transp., Inc. v. AAR*

14

*Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Petitioner filed his motion for reconsideration *pro*

15

*se* in violation of LR IA 11-6. The Local Rules of Practice state, in relevant part:

16

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney….

17
18

19

LR IA 11-6(a). This rule further states that an "attorney who has appeared for a party must be

20

recognized by the court and all the parties as having control of the client's case." *Id*. Because

21

counsel has been appointed to represent Petitioner, he may not file motions with the court.

22

It is therefore ordered that Respondents' Motion to Strike (ECF No. 64) is GRANTED.

23

The Clerk of the Court must STRIKE Petitioner's Motion for Reconsideration (ECF No. 63) from

24

the docket.

25

It is further ordered that Petitioner's Motion for Reconsideration (ECF No. 63) is DENIED

26

as moot.

27
28

It is further ordered that, to the extent required, a certificate of appealability is denied, as jurists of reason would not find the district court's disposition of Petitioner's filing to be debatable or incorrect.

DATED this _14th____ day of December, 2023.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE